OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant claims that it was reversible error for the *745 People to have failed to give him, prior to trial, the memorandum of a statement previously made by a prosecution witness (see People v Rosario, 9 NY2d 286). The memorandum in question was the recorded statement made by Officer De Setto, an eyewitness to the crime, and was provided to defendant during the trial but after De Setto had testified.
Defendant alleges that the failure to afford him an opportunity to use this statement in cross-examination of De Setto prevented him from illuminating for the jury the significance of an asserted inconsistency between the previous statement and De Setto’s testimony at trial.
It is noted that defendant’s claim that he could have used the memorandum of De Setto’s prior statement had he only possessed it, appears disingenuous in view of the availability of essentially duplicative statements which De Setto had made to the Grand Jury and the prosecutor. Although, in the normal course, the memorandum certainly should have been provided along with the other statements by prosecution witnesses, here the availability of the duplicative material, which in fact was used by the defendant, eliminates both the possibility of prejudice and the asserted ground for reversal (People v Consolazio, 40 NY2d 446; cf. People v Rosario, supra).
We have considered defendant’s other contentions and find them to be without merit.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.