■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY ROBINSON and MOTTIS CRAIG, Appellants.—Appeals by the defendants from two judgments (one as to each of them) of the Supreme Court, Queens County (Browne, J.), both rendered April 20, 1982, as amended November 3, 1982 as to Henry Robinson, and November 5, 1982 as to Mottis Craig, convicting them of murder in the second degree, robbery in the first degree (three counts), attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon jury verdicts, and imposing sentences, and by permission, from an order of the same court, dated February 12, 1986, which, after a hearing, denied their motion to vacate the judgments, as amended, pursuant to CPL 440.10.

Ordered that the order dated February 12, 1986 is reversed, on the law, the defendants' motion to vacate the judgments, as amended, is granted, the judgments, as amended, are vacated, a *Wade* hearing is directed with respect to the witness Nixon's identification of the defendant Craig, and a new trial is ordered; and it is further,

Ordered that the appeals from the judgments, as amended, are dismissed as academic, in light of the determination of the appeals from the order.

We find that based upon the evidence adduced at the hearing held in connection with the defendants' postjudgment motion (CPL 440.10), the prosecution did violate the defendants' constitutional right to be informed of exculpatory information known to the State *(see, Brady v Maryland,* 373 US 83), as well as the defendants' statutory right to be provided with prior written or recorded statements made by prosecution witnesses *(see, People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765; CPL 240.45).

Specifically, it was established that during the investigation of the crimes of which the defendants stand convicted, the

police obtained a statement from a certain individual who directly implicated three men other than the defendants as the perpetrators. Even if the prosecution had valid reasons to consider this witness to be unreliable, it should nonetheless have provided the defense with this important exculpatory information which was clearly *Brady* material *(see, People v Fein,* 18 NY2d 162, 172, *appeal dismissed and cert denied* 385 US 649).* Additionally, we note that that individual provided the defendants with an affidavit supporting their postjudgment motion and presumably would have been willing to testify on their behalf at the trial.

The Court of Appeals has adopted the rule announced in *United States v Bagley* (473 US 667) that "constitutional error occurs only if the evidence which was not disclosed was material in the sense that 'there is a *reasonable probability* that, had the evidence been disclosed to the defense, the result of the proceeding would have been different' " *(People v Chin,* 67 NY2d 22, 33, quoting from *United States v Bagley, supra,* at 682 [emphasis added]; *see also, People v Alongi,* 131 AD2d 767). In the present case, there were three witnesses who identified the defendants as the perpetrators, two of whom had seen them on prior occasions. In addition, another witness for the prosecution testified as to having overheard the defendants discussing their participation in the crime shortly after the event. Nevertheless, we find that there is a reasonable probability that the result herein would have been different if the jury had heard testimony from a witness who, in effect, would have identified three other men as the actual perpetrators. At the very least, the defendants in this case, who were evidently unaware that this witness had given such exculpatory information, were "deprived of the opportunity to make an informed decision regarding the trial strategy that would have been in [their] best interests to pursue" *(People v Smith,* 127 AD2d 864, 866).

In addition to the *Brady* violation, the evidence also showed that the prosecution failed to satisfy its obligations imposed pursuant to CPL 240.45, which codified the rule of *People v Rosario (supra).* For example, the People did not turn over certain reports concerning an identifying witness's statements to a police polygraph examiner. Moreover, this same witness had been interviewed by a detective prior to trial, and had given information (including the fact that he had observed *four* perpetrators) at variance with his testimony at trial. The handwritten notes made with respect to this interview were not furnished to the defense. The People assert that because

this witness made a similar statement on another occasion to other officers, and that separate statement was furnished to the defense, no *Rosario* error occurred. However, if a witness makes substantially the same statement on two separate occasions, and each statement is recorded, then each statement should be considered *Rosario* material. "Statements are not the 'duplicative equivalent' of previously produced statements * * * just because they are 'harmonious' or 'consistent' with them" *(People v Ranghelle,* 69 NY2d 56, 63). Further, these *Rosario* violations may not be considered harmless *(see, People v Ranghelle, supra; People v Perez,* 65 NY2d 154, 160; *People v Consolazio,* 40 NY2d 446, 454, *on remittitur appeal dismissed* 53 AD2d 903, *cert denied* 433 US 914).

Accordingly, the defendants' postjudgment motion should have been granted and the defendants are entitled to a new trial *(see,* CPL 440.10 [1] [f]).

While the appeals from the judgments, as amended, are academic in light of our determination, we find that a reversal would have been warranted based upon certain trial errors. Particularly, as we have previously held, certain language used by the trial court in explaining to the jury the concept of reasonable doubt was improper *(see, People v La Rosa,* 112 AD2d 954; *see also, People v Morris,* 100 AD2d 600). Moreover, the trial court erroneously limited the cross-examination of certain prosecution witnesses to only the facts that they had been convicted of certain crimes *(see, People v McGee,* 68 NY2d 328, 332). Cross-examination should have been allowed concerning the underlying facts, as well as prior bad or immoral acts *(see, People v Allen,* 67 AD2d 558, *affd* 50 NY2d 898).

Finally, we note that prior to any retrial, a *Wade* hearing should be held on the issue of whether the prosecution witness Nixon should be permitted to make an in-court identification of the defendant Craig. It is not clear from the record whether or not Nixon made a photographic identification of Craig. If she did, the court should determine whether that identification was impermissibly suggestive and if so, whether there is an independent basis for an in-court identification. Lawrence, J. P. Weinstein, Kooper and Sullivan, JJ., concur.