■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL PALMER, Appellant.—Harvey, J. Appeal, by permission, from an order of the County Court of Rensselaer County

---

(Dwyer, Jr., J.), entered September 8, 1987, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of murder in the second degree, robbery in the first degree and burglary in the first degree, without a hearing.

In August 1984, Benjamin Friedman's body was found in his upstairs flat in the City of Troy, Rensselaer County. Several leather belts, an electric cord and a shirt were wrapped around his neck. A yarmulke was stuffed down his throat. During the ensuing murder investigation, Dawane Tripp became concerned that he might be a suspect. Thus, in an attempt to exculpate himself, he recorded a conversation between himself and Tara Showen, who apparently had been involved in activities surrounding Friedman's death. Tripp had purportedly told the District Attorney's office of his plan to make this tape, was directed to turn over any such tape to that office. Tripp thereafter turned the tape over to the former District Attorney for Rensselaer County, Charles Wilcox. The tape, of extremely poor quality, was sent to the audio laboratory of the Federal Bureau of Investigation for enhancement and returned in an electronically enhanced state. The tape was purportedly filed separately from defendant's file.

In the meantime, defendant had been charged with several crimes, including murder, related to the death of Friedman. A copy of the tape was not provided to defendant. At his trial, Showen was called as a witness by the prosecution, and Tripp was call by the defense. Defense counsel attempted to impeach Showen's credibility by referring to statements she had purportedly made to Tripp. Showen stated that she had fabricated the story she told Tripp to protect defendant, with whom she was "in love", and denied making some of the statements Tripp attributed to her. The tape was never produced. Defendant was ultimately found guilty of murder in the second degree, robbery in the first degree and burglary in the first degree. An appeal was taken from his judgment of conviction and is currently pending before this court.

Subsequently, David Maynard was tried in Rensselaer County for several crimes related to Friedman's death. During the course of Maynard's trial, his counsel learned of the existence of the taped conversation between Showen and Tripp. Also at this time, the newly elected District Attorney, James Canfield, first learned of the existence of the tape and relayed this information to the attorney who had represented defendant. The instant CPL 440.10 motion seeking vacatur of defendant's judgment of conviction ensued. Among the

grounds argued in support of the motion was the assertion that the prosecution's failure to turn over the tape was a violation of *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866) and its progeny. County Court denied the motion upon the ground that the record contained sufficient facts for the issue to be reviewed upon direct appeal *(see,* CPL 440.10 [2] [b]). Defendant was granted permission to appeal.

Initially, we note that inasmuch as the primary issues raised involve matters not in the record on appeal from the trial, it was improper for County Court to deny defendant's motion upon the authority of CPL 440.10 (2) (b). Indeed, on this appeal the People have not attempted to justify the denial upon that ground. Hence, the merits of defendant's motion must be considered.

In *People v Rosario (supra),* the Court of Appeals held that once a witness testifies for the People, the prosecution is required to give defense counsel prior statements of that witness which relate to the witness's testimony. This rule is not limited to statements made to police, the District Attorney or Grand Jury, but encompasses statements made to private parties *(People v Perez,* 65 NY2d 154, 158-159). The failure to turn over *Rosario* material is not subject to harmless error analysis *(People v Novoa,* 70 NY2d 490; *People v Jones,* 70 NY2d 547; *People v Ranghelle,* 69 NY2d 56, 63). It is per se error, requiring reversal and a new trial *(supra).* The Court of Appeals has recently applied this per se rule to a judgment of conviction brought up for review via a CPL 440.10 motion *(see, People v Novoa, supra).*

We find that the tape constituted *Rosario* material. It contained a prior statement by a prosecution witness which was solely within the control of the District Attorney's office. The statements on the tape were relevant to the witness's testimony and were potentially useful for impeachment purposes. Defendant's attorney affirmed that he was not aware of the existence of the tape until he was contacted by the District Attorney after defendant's judgment of conviction had been rendered. The fact that the District Attorney may have inadvertently overlooked the existence of the tape does not excuse the failure to turn it over *(see, People v Novoa, supra,* at 499; *People v Ranghelle, supra,* at 63). Since the failure to turn over the tape to defense counsel violated the *Rosario* rule, our analysis is ended and, upon the authority of *People v Novoa (supra), People v Jones (supra)* and *People v Ranghelle (supra),* the judgment of conviction must be vacated and a new trial ordered.

Order reversed, on the law, motion granted, judgment of conviction vacated and matter remitted to the County Court of Rensselaer County for a new trial. Kane, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.