■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CARDONA, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Dowd, J.), rendered March 6, 1981, convicting him of murder in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from (a) an order of the same court, dated October 15, 1985, which, after a hearing, denied his motion to vacate the judgment pursuant to CPL 440.10, (b) an order of the same court, dated May 30, 1986, which denied that branch of his second motion to vacate the judgment pursuant to CPL 440.10 which was premised upon the alleged withholding of *Brady* material and (c) an order of the same court dated February 13, 1987, which, after a hearing, denied that branch of his second motion to vacate the judgment pursuant to CPL 440.10, which was premised upon the alleged withholding of *Rosario* material.

Ordered that the order dated February 13, 1987 is reversed, on the law and the facts, the defendant's motion to vacate the judgment is granted, and a new trial is ordered. The appeals

from the judgment and from the orders dated October 15, 1985 and May 30, 1986 are dismissed as academic.

We find that based upon the evidence adduced at trial, amplified by that presented at the hearing held in connection with the defendant's second postjudgment motion *(see,* CPL 440.10), the prosecution violated the defendant's statutory right to be provided with prior written or recorded statements made by prosecution witnesses *(see, People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, *rearg denied* 15 NY2d 765; CPL 240.45). The statement at issue contained descriptions of the perpetrators, neither of which was consistent with the defendant's appearance, provided by the People's key witness to the investigating officer, which was recorded in the officer's notebook and signed by the witness. The officer failed to transcribe these descriptions in the subsequent police report.

At the September 1986 hearing held upon the defendant's second motion to vacate the judgment of conviction pursuant to CPL 440.10, the defendant's trial counsel testified unequivocally that the notebook had never been disclosed to him, either before or during the trial, and that had he been cognizant of the statement, he would have employed it, *inter alia,* as a means of impeaching the witness, as he had vigorously attempted to do with those of the witness' pretrial statements which had been disclosed. In short, there was no conceivable reason that trial counsel would not have used the statement.

At the codefendant's postjudgment hearing three years earlier, the Assistant District Attorney who tried the matter testified that she was "not sure", but had a vague recollection of having shown the notebook to both defense counsel during the trial. By contrast, at the September 1986 hearing, the Assistant District Attorney's testimony was marked by a greater sense of certainty as she explained that she specifically recalled having afforded defense counsel an opportunity to read the 50-page notebook prior to their cross-examination of the key prosecution witness.

The court denied the defendant's CPL 440.10 motion, finding the testimony of both defense counsel and the Assistant District Attorney to be credible, reasoning that inasmuch "[a]s defendant bears the burden of proving by a preponderance of the evidence each and every fact in support of his motion, he has failed to meet his burden [of proving] that he did not receive the memobook", and concluding that the belated dis-

closure (see, CPL 240.45 [1]) did not substantially prejudice the defendant (see, People v Perez, 65 NY2d 154, 159).

The court's factual determination that the notebook was ultimately disclosed during the trial cannot, in light of the record before us, be sustained. At the trial, as a result of disagreement among counsel as to what materials had actually been disclosed, a lengthy colloquy ensued, during which the Assistant District Attorney made the representation, in response to the court's inquiry, that "for the record, Your Honor, I would like to indicate that * * * Defense counsel has had the use of the Grand Jury minutes as well as a statement taken by the Assistant District Attorney. They had the police reports prior—at a much earlier time". Thereafter, a similar representation was made regarding a DD-5 statement. At no point during the trial was mention made of the notebook at issue.

The record made at trial, from which the absence of any mention of the memo book is conspicuous, in light of the Assistant District Attorney's specification of every statement turned over to the defense and defense counsel's vigorous cross-examination of both the prosecution's principal witness regarding prior statements and the investigating officers, makes it evident that the statement, which is clearly Rosario material, was not disclosed at trial (see, People v Ranghelle, 69 NY2d 56, 65). Inasmuch as a Rosario violation may not be considered harmless (see, People v Jones, 70 NY2d 547, 551; People v Ranghelle, supra, at 63), reversal is mandated.

We find no merit in the defendant's remaining contentions. Mangano, J. P., Bracken, Kooper and Spatt, JJ., concur.