■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REINALDO ESTRADA, Appellant.—Judgment, Supreme Court, Bronx County (Peggy Bernheim, J.), rendered September 19, 1986, convicting defendant of one count of intentional murder in violation of Penal Law § 125.25 (1), two counts of felony murder in violation of Penal Law § 125.25 (3), burglary in the

first degree in violation of Penal Law § 140.30 (2), and robbery in the first degree in violation of Penal Law § 160.15 (1), and sentencing him to indeterminate terms of 25 years to life on each of the murder convictions and, as a second felony offender, to indeterminate terms of 12½ to 25 years in prison on each of the burglary and robbery convictions, all of the sentences to run concurrently, unanimously reversed, on the law and the facts, and the case remanded for a new trial.

The convictions grow out of the murder of William Dowdy in his apartment at 1600 Sedgwick Avenue in The Bronx on May 7, 1985. The evidence revealed that on May 7, 1985 Luis Nelson, Jr., a cousin of the defendant and the son of a New York City police officer, drove the defendant, a man named Manny Cabassa, and a girl to the apartment building. Luis Nelson, Jr. waited in the car while the three others went to the apartment of Dowdy. While the three were in the apartment, Dowdy was handcuffed and shot once in the head, causing his death. Luis Nelson, Jr. had taken the handcuffs and gun, which belonged to his father, without his father's knowledge, sometime before the date of the murder. The apartment was also ransacked.

Because the handcuffs bore the name of Police Officer Nelson, and to avoid suspicion of said officer, who was out of the city and in no way involved in the crime, a scheme was formulated by Luis Nelson, Jr. and the defendant in which Luis Nelson, Jr. was to report to the police that he had been attacked by a gang in his home and the handcuffs taken at that time. Luis Nelson, Jr. was, in fact, beaten to make the story appear real. After a period of time and a grant of immunity from prosecution, Luis Nelson, Jr. changed his story and implicated the defendant.

We reverse for two reasons. First, in examining Ray Nelson, Jr., another cousin of the defendant, the People brought out the substance of his prior statements in violation of CPL 60.35 (3). That subdivision reads as follows: "When a witness has made a prior signed or sworn statement contradictory to his testimony in a criminal proceeding upon a material issue of the case, but his testimony does not tend to disprove the position of the party who called him and elicited such testimony, evidence that the witness made such prior statement is not admissible, and such party may not use such prior statement for the purpose of refreshing the recollection of the witness *in a manner that discloses its contents to the trier of the facts.*" (Emphasis supplied.)

Ray Nelson, Jr. had apparently testified in the Grand Jury

that the defendant told him he shot the deceased in the head. At the trial said witness repeatedly testified that he could not remember what the defendant told him or what he (Ray Nelson, Jr.) said in the Grand Jury.

Secondly, the trial court refused to require the prosecution to reveal the name of a confidential informant. The *Rosario* material of Police Officer Geary contained an entry that a person named Nelson, who worked as a drug runner for the deceased, owned a .38 caliber pistol, the kind used in the murder, which he had drawn during a dice game. The entry further revealed that the person named Nelson had attempted to rob the deceased by setting him up with a supposed buyer and that shots had been fired during the incident. After this, the deceased refused to deal with Nelson any longer.

The full name of the Nelson noted in the memorandum book of the police officer was not revealed. If Luis Nelson, Jr. or Ray Nelson, Jr. was the person referred to by the confidential informant, the revelation of the name of the informant was important to the defense of the charges, to the believability of those witnesses, and "to the right to confrontation, due process, and fairness." *(People v Goggins,* 34 NY2d 163, 168 [1974].) Concur—Sandler, J. P., Sullivan, Kassal, Rosenberger and Smith, JJ.