THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v ERIC JACKSON, Defendant.

Supreme Court, Kings County, November 7, 1988

### APPEARANCES OF COUNSEL

*Lipsig, Sullivan & Liapakis (Robert Sullivan* of counsel), for defendant. *Elizabeth Holtzman, District Attorney (Michael Gore* of counsel), for plaintiff.

### OPINION OF THE COURT

JOSEPH SLAVIN, J.

Defendant has moved to vacate his judgment of conviction on the ground that the failure to supply defense counsel with certain documents constituted a violation of his constitutional rights under *Brady v Maryland* (373 US 83). Prior to the commencement of hearings herein, the court informed both sides that it would also consider defendant's claims as being made pursuant to *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866).

In the middle of the hearings, the prosecutor conceded that a memorandum dated March 26, 1979 discovered by the court

in its examination of papers claimed by the prosecutor to be work product was not turned over to defense counsel. On page 2 of that document there is a synopsis of an interview between Fire Marshal King and then Assistant District Attorney and now Criminal Court Judge Michael Gary. Fire Marshal King testified at trial. The People admit that there exists no duplicate equivalent to certain portions of the document *(People v Payne,* 52 NY2d 743, 745; *People v Consolazio,* 40 NY2d 446, 454).

The District Attorney argues that on a CPL article 440 motion not only must defendant show that a *Rosario* violation occurred, but he must also prove prejudice.

It is well settled that a *Rosario* violation is per se error if raised on direct appeal *(People v Perez,* 65 NY2d 154; *People v Ranghelle,* 69 NY2d 56; *People v Jones,* 70 NY2d 547). Two courts, however, have ruled that this per se error rule does not apply to motions made postjudgment under CPL article 440.

In *People v Howard* (127 AD2d 109 [Apr. 8, 1987]), the Appellate Division, First Department, stated that the rules regarding newly discovered evidence would apply to postjudgment motions under *Rosario (supra).* The court wrote: "No cases have been cited involving the situation presently before us, namely, an appeal from a denial of a motion under CPL 440.10." *(Supra,* at 118.)

The Appellate Division further continued that "Examination of the statute (CPL 440.10) discloses no category specifically geared to a *Rosario* violation (other than as newly discovered evidence under CPL 440.10 [1] [g]), which may explain why, in this case, defendant did not predicate the motion on *Rosario,* but instead, relied exclusively on the alleged failure to disclose *Brady* material, a claim clearly within the scope of CPL 440.10 (1) (d)." *(Supra,* at 118.)

Two subsequent Court of Appeals decisions undermine the two premises of the *Howard* court. First, in *People v Novoa* (70 NY2d 490), the Court of Appeals did in fact apply the per se *Rosario* rule to a CPL 440.10 motion. Secondly, the *Howard* court's belief that it must find a special section of CPL article 440 was undermined by another Court of Appeals decision in *People v Bachert* (69 NY2d 593). In that case the court said: "The codification of criminal procedures in this State in 1971 subsumed most of the common-law postconviction collateral remedies under CPL 440.10, but the Legislature did not ex-

pressly abolish the common-law writ of coram nobis or necessarily embrace all of its prior or unanticipated functions within CPL 440.10 *(see, People v Corso,* 40 NY2d 578, *supra;* CPL 460.30; Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 440.10, at 319). The remedy we make available today to address claims of ineffective assistance of appellate counsel is another recognition of the exceptional availability of coram nobis to fill yet another interstice of the law and human experience." *(Supra,* at 599.)

There is a precedent for applying the per se rule to postjudgment motions and the court is not limited to those enumerated grounds in CPL 440.10. *Howard (supra)* is undermined by these Court of Appeals decisions.

The second case holding that there is a necessity to prove prejudice in a postjudgment motion based upon *Rosario (supra)* is *People v Mancuso* (141 Misc 2d 382,[1] *lv denied* Oct. 24, 1988[2]).

In that case, Justice Feldman adopted the *Howard* rule without discussing the effect of the *Bachert* case *(supra)* on the *Howard* decision *(supra).* The *Mancuso* court distinguished *Novoa (supra)* on the ground that the Court of Appeals had before it the direct appeal and the postjudgment motion and that there were "questions of probable prosecutorial misconduct * * * significant *Brady* violation". *(Supra,* at 386.) Justice Feldman fails to explain the explicit language by the Court of Appeals under the heading "The *Rosario* Issue" *(supra,* at 498-499) and under the heading "Harmless Error" *(supra,* at 499) in the *Novoa* case. The explicit language of the Court of Appeals indicates that it was applying a per se harmless error rule to a postjudgment *Rosario* violation motion.

The *Mancuso* court also distinguished two Appellate Divi-

1. The People have supplied this court with a copy of the *People v Mancuso* decision (141 Misc 2d 382). The copy supplied differs from that which is published. Justice Feldman expanded her legal reasoning between the time she served a copy of her decision on the District Attorney's office and the time that it was published. The court will only address the legal reasoning in the published decision.

2. It should be noted that the denial of leave has no precedential value *(Matter of Calandra v Rothwax,* 65 NY2d 897). This rule is applicable to both the *People v Mancuso* decision (141 Misc 2d 382) and to the subsequently quoted decision in *People v Palmer* (137 AD2d 881, *lv denied* 71 NY2d 1031).

sion, Second Department, decisions *(People v Robinson,* 133 AD2d 859; *People v Cardona,* 138 AD2d 617). Justice Feldman determined that the Appellate Division, Second Department, *sub silentio* performed an analysis of prejudice. This determination was made despite the following language in *Robinson:* "Further, these *Rosario* violations may not be considered harmless *(see, People v Ranghelle, supra; People v Perez,* 65 NY2d 154, 160; *People v Consolazio,* 40 NY2d 446, 454, *on remittitur appeal dismissed* 53 AD2d 903, *cert denied* 433 US 914)." *(Supra,* at 861.)

The explicit words in *Cardona (supra)* also contradict Justice Feldman's analysis. In that case, the court said: "Inasmuch as a *Rosario* violation may not be considered harmless *(see, People v Jones,* 70 NY2d 547, 551; *People v Ranghelle, supra,* at 63), reversal is mandated." *(Supra,* at 619.)

Totally ignored in the *Mancuso* decision is *People v Palmer* (137 AD2d 881, *lv denied* 71 NY2d 1031). In that case, the Appellate Division, Third Department, had before it a denial of a postjudgment motion only. There were no other claims of impropriety other than the alleged *Rosario* violation. The court said, "The Court of Appeals has recently applied this per se rule to a judgment of conviction brought up for review via a CPL 440.10 motion *(see, People v Novoa, supra)." (Supra,* at 883.)

It is clear that the Appellate Division, Third Department, has interpreted *People v Novoa (supra)* as applying a per se rule to postjudgment motion based upon a *Rosario* violation. There being no decided case by our Department, this court is bound by stare decisis to follow the Appellate Division, Third Department's interpretation of a Court of Appeals decision *(Mountain View Coach Lines v Storms,* 102 AD2d 663). The court therefore holds that the *Rosario* rule applies to motions made pursuant to CPL 440.10 or pursuant to the common-law writ of coram nobis.

Having found the *Rosario* violation, the court concluded that there was no further need for a continuation of the ongoing extensive hearings and terminated them. The hearing was terminated subject to resumption should the District Attorney prevail on any appeal which they indicated would be taken from the determination.

The motion to vacate the judgment is granted, and the judgment of conviction is hereby vacated.