■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ERICK JACKSON, Also Known as ERIC KNIGHT, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County (Slavin, J.), dated November 7, 1988, which granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court, rendered March 2, 1981, convicting him of murder in the second degree (six counts) and arson in the second degree.

Ordered that the order is affirmed.

During the hearing on the defendant's CPL 440.10 motion to vacate the judgment of conviction, the prosecutor conceded that a memorandum concerning the case, which had been prepared by an Assistant District Attorney, had not been disclosed by the People at the defendant's trial. The memorandum contained a synopsis of a statement made to that Assistant District Attorney by a fire marshal who testified as an expert for the People at the defendant's trial. At the hearing, the prosecutor conceded that no duplicative equivalent of this statement had been disclosed by the People *(see, People v Consolazio,* 40 NY2d 446; *see also, People v Payne,* 52 NY2d 743). The statement generally dealt with the fire marshal's investigation of the fire that the defendant was accused of starting.

"[H]armless error analysis is inappropriate with respect to *Rosario* violations" *(People v Novoa,* 70 NY2d 490, 499; *People v Jones,* 70 NY2d 547; *People v Ranghelle,* 69 NY2d 56, 62-63; *see, People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765; *see also,* CPL 240.45 [1]). Accordingly, the Supreme Court correctly granted the defendant's motion to vacate the judgment of conviction based on the People's conceded failure to disclose the *Rosario* material at trial *(People v Wahad,* 158 AD2d 312; *People v Cardona,* 138 AD2d 617; *People v Palmer,* 137 AD2d 881; *People v Robinson,* 133 AD2d 859). Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.