■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLADSTON NEWELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered October 28, 1988, convicting him of criminal possession of a dangerous weapon in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that he was deprived of a fair and complete *Wade* hearing because, *inter alia,* the names and addresses of two of the eyewitnesses were not disclosed and the People allegedly failed to turn over *Rosario* material. At the *Wade* hearing, defense counsel argued that he was entitled to the names of the two eyewitnesses, but he did not specifically request disclosure of their addresses. Instead he argued that he was entitled to ascertain the locations from which these eyewitnesses had observed the

incident. Therefore, the defendant has not preserved for appellate review any issue with respect to the disclosure of the addresses of these witnesses (see, CPL 470.05 [2]). In any event, this claim is without merit. Under the facts and circumstances herein, the court did not improvidently exercise its discretion, or impermissibly abridge the defendant's right to cross-examine the witnesses with respect to the issues litigated at the Wade hearing, by permitting the withholding of these witnesses' names and addresses at the hearing. These witnesses were subject to material witness orders. Where questions may harass, annoy, humiliate or endanger a witness, the right to cross-examine a witness with respect to his or her name, address, and occupation is not absolute (see, People v Stanard, 42 NY2d 74, 84-85, cert denied 434 US 986; People v Remgifo, 150 AD2d 736, 737). Rather, the court must engage in a balancing test, weighing the value of disclosure against the prospective witness's interest in nondisclosure (see, People v Lloyd, 55 AD2d 171, affd 43 NY2d 686; see also, People v Goggins, 34 NY2d 163, 168-169, cert denied 419 US 1012; People v Rios, 60 NY2d 764, 765; People v Sardinas, 159 AD2d 963; cf., People v Estrada, 142 AD2d 512, 514; People v Gilmore, 106 AD2d 399).

Furthermore, the extent of the protection to be afforded a potential witness is within the discretion of the court (see, People v Stanard, supra, at 84-85). Here, the redacted minutes of the Grand Jury testimony of one of the eyewitnesses were turned over to defense counsel at the Wade hearing. The only matters redacted from these minutes were the name and address of this witness and the redaction related only to the protection of this witness. Contrary to the defendant's contention, the redaction in no way hampered his ability to cross-examine the witness with respect to the vantage point from which she observed the commission of the crime.

The defendant's contention that the People committed reversible error by failing to turn over a prior written statement by a second eyewitness for use in cross-examination at the Wade hearing, is equally without merit. When this material was made available before the prosecutor's opening statement, the prosecutor made it clear that the material contained therein was duplicative of the information contained in the DD5 reports which had been turned over to defense counsel prior to the witness taking the stand at the Wade hearing, an assertion which has never been refuted by the defendant. Since the People are not obliged to produce statements that are the "duplicative equivalents" of statements previously

turned over to the defense *(see, People v Consolazio,* 40 NY2d 446, 454, *cert denied* 433 US 914; *see also, People v Payne,* 52 NY2d 743, 745), there was no violation of the *Rosario* rule here. That a DD5 form had already been turned over to the defense and was therefore available for use in cross-examination at the *Wade* hearing, eliminates both the possibility of prejudice and the asserted ground for reversal *(see, People v Payne, supra,* at 745; *see also, People v Velez,* 161 AD2d 823, 824).

The defendant further argues that the testimony of the eyewitnesses was so rife with contradictions and inconsistencies as to render the evidence unreliable as a matter of law. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Brown, Eiber and Harwood, JJ., concur.