■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL PALMER, Appellant.—Levine, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered January 12, 1989, upon a verdict convicting defendant of the crimes of robbery in the first degree and burglary in the first degree.

The original judgment of conviction of defendant for felony murder, robbery in the first degree and burglary in the first degree was vacated by this court, and a new trial ordered, in an appeal from the denial of defendant's motion for such relief pursuant to CPL 440.10 (see, 137 AD2d 881, lv denied 71 NY2d 1031). Upon retrial, defendant was acquitted of felony murder but found guilty of robbery in the first degree and burglary in the first degree. He was sentenced as a second felony offender to two concurrent terms of imprisonment of 12½ to 25 years. This appeal followed.

Defendant's first point is that his acquittal on the felony murder charge is fatally repugnant to the convictions for robbery and burglary. Defendant essentially bases his argument on the language of the allegations of the applicable counts of the indictment, as repeated verbatim in County Court's jury instructions. The felony murder charge alleged that defendant, acting alone or with others, committed the robbery and the burglary and "in the course of and in furtherance" of those crimes, caused "the death of Benjamin Friedman, by tying him up and strangling him with belts". The robbery count alleged that defendant forcibly stole property from Friedman and that in the course of the commission of the crime defendant or another participant caused serious injury to a nonparticipant, namely, caused the death of Friedman by strangulation. The burglary count alleged that defendant entered or remained unlawfully at Friedman's residence with intent to commit a crime therein and that while there defendant or another participant caused physical injury to another person, namely, caused the death of Friedman by strangulation. Thus, according to defendant, under County Court's instructions, causing the death of Friedman was a necessary element of all three crimes and the acquittal of

felony murder negated that essential element (citing *People v Tucker,* 55 NY2d 1).

Even assuming, arguendo, that causing Friedman's death in the course of the burglary and robbery was charged as a necessary element of all three counts submitted to the jury, any repugnancy resulting from defendant's acquittal of felony murder does not require reversal. Defendant failed to preserve this issue for appeal by not objecting to the verdict on the ground of repugnancy before the jury was discharged, when any inconsistency could have been corrected *(see, People v Alfaro,* 66 NY2d 985, 987; *People v La Pella,* 135 AD2d 735, *lv denied* 71 NY2d 898). Nor should this objection form the basis for a reversal in the interest of justice. Defendant's trial strategy was to claim that Friedman's murder was committed by others in a transaction entirely separate from defendant's earlier entry upon the premises and admitted robbery of the victim. Thus, defendant not only failed to make timely objection but actively invited the verdict which he now claims was repugnant.

Alternatively, defendant argues that the burglary conviction should be reversed and that charge dismissed because the evidence established that he was in the victim's apartment by invitation, thus negating the requisite element of an unlawful entering or remaining upon the premises *(see,* Penal Law § 140.30 [2]). We disagree. In various inculpatory statements introduced at the trial, defendant described being invited by Friedman to his apartment, but stated that his accomplice in the crime entered the premises without the victim's knowledge or consent. Thus, defendant could properly be held criminally responsible for the burglary on the basis of an unlawful entry upon the premises by the person with whom he was acting in concert *(see,* Penal Law § 20.00), and the jury was so instructed. In reading and rereading the appropriate Penal Law definitions of burglary, County Court adequately instructed the jury that entering or remaining unlawfully on Friedman's premises was an element of burglary that the prosecution was required to establish.

Finally, we are unpersuaded by defendant's contention that County Court violated the constitutional strictures of *North Carolina v Pearce* (395 US 711) and of *People v Van Pelt* (76 NY2d 156) in imposing harsher sentences for the robbery and burglary convictions upon retrial than defendant received under the original, vacated convictions for those crimes. Following the first trial, the court sentenced defendant to terms of 25 years to life imprisonment on the felony murder convic-

tion and 8⅓ to 25 years on the robbery and burglary convictions, all to be served concurrently. Upon retrial and defendant's conviction solely for the same robbery and burglary, County Court sentenced defendant as a second felony offender to concurrent terms of imprisonment of 12½ to 25 years. Under *People v Van Pelt (supra)*, an increased sentence for conviction of the same crime upon retrial following a successful appeal gives rise to a presumption of vindictiveness which, if unrebutted, requires vacatur of the sentence. Rebuttal consists of "a record articulation of some event becoming known or available only after the first sentence and justifying the more severe sentence" *(supra,* at 161).

In the instant case, concededly, defendant had a prior felony conviction. However, the prosecution inadvertently failed to file the requisite second felony offender statement *(see,* CPL 400.21 [2]) prior to sentencing upon the original convictions. Once defendant's status as a second felony offender was established before County Court for the first time after retrial, the enhanced minimum sentences were mandatory *(see,* Penal Law § 70.06 [4] [b]). The foregoing circumstances are sufficient to rebut the presumption of vindictiveness *(see, People v Swan,* 158 AD2d 158, 163, *lv denied* 76 NY2d 991). Accordingly, the judgment of conviction should be affirmed in all respects.

Weiss, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is affirmed.