■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL PALMER, Appellant. [652 NYS2d 339] —Mercure, J. P. Appeal from a judgment of the County Court of Rensselaer County (Ceresia, Jr., J.), rendered August 13, 1992, upon a verdict convicting defendant of three counts of the crime of perjury in the first degree.

In March 1986, defendant was tried and convicted of murder in the second degree, robbery in the first degree and burglary in the first degree in connection with the August 1984 robbery and strangulation death of Benjamin Friedman at his residence in the City of Troy, Rensselaer County. This Court, however, vacated the judgment of conviction and ordered a new trial as a result of the People's failure to turn over certain

*Rosario* material (*People v Palmer*, 137 AD2d 881, *lv denied* 71 NY2d 1031). At a new trial conducted in November 1988, defendant was convicted of robbery in the first degree and burglary in the first degree (*People v Palmer*, 176 AD2d 995, *lv denied* 79 NY2d 951). Defendant testified at both trials, giving markedly inconsistent testimony concerning the events of August 1984, resulting in the current indictment charging defendant with three counts of perjury in the first degree. Convicted after trial, defendant now appeals.

We are not persuaded by defendant's attack on the sufficiency of the trial evidence and, accordingly, affirm. A review of the relevant testimony given by defendant at the 1986 and 1988 trials, received in evidence on the foundation provided by the shorthand reporter who took and transcribed the proceedings, demonstrates significant inconsistencies in his testimony at the two trials. At the first trial, defendant testified that David Maynard did not accompany him when he entered Friedman's apartment, that Friedman had not been tied up when he left the apartment and that he removed no items from the apartment. At the second trial, defendant testified that he and Maynard entered the apartment together, tied Friedman to a chair and then removed various items from the apartment.

Contrary to defendant's assertion, the jury could (as it apparently did) conclude that defendant's false testimony "reflect[s] on the matter under consideration" (*People v Stanard*, 42 NY2d 74, 80, *cert denied* 434 US 986) and was therefore "material to the action, proceeding or matter in which it [was] made" (Penal Law § 210.15; *see, People v Davis*, 53 NY2d 164, 171), without the assistance of expert testimony. Finally, based upon our review of the record, we conclude that the People satisfactorily established that in each trial defendant's testimony was given under oath and related to the same underlying facts, i.e., the occurrences leading up to Friedman's death in August 1984.

White, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.