■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GALLMAN, Appellant. [657 NYS2d 781] —Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Golia, J.), rendered February 27, 1992, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, (2) from an amended sentence of the same court rendered March 3, 1992, imposed on the conviction of criminal possession of a weapon in the second degree, and (3), by permission, from an order of the same court, dated September 16, 1994, which denied the defendant's motion to vacate the judgment pursuant to CPL 440.10.

Ordered that the order is reversed, on the law, the motion is granted, the judgment and amended sentence are vacated, and a new trial is ordered; and it is further,

Ordered that the appeals from the judgment and the amended sentence are dismissed as academic in light of the determination of the appeal from the order.

The defendant contends, *inter alia,* that a document containing a police interview with the prosecution's main witness was *Rosario* material *(People v Rosario,* 9 NY2d 286) that was never disclosed at trial. The trial court determined that although the

transcribed interview was undisclosed *Rosario* material, it was a duplicative equivalent of another, disclosed, document. However, as the People concede, the duplicative equivalent analysis is inapplicable here because, *inter alia,* the two documents contained variations *(see, People v Young,* 79 NY2d 365, 370; *People v Robinson,* 133 AD2d 859). Accordingly, a new trial is ordered *(see, People v Young, supra).*

The parties' remaining contentions are without merit. Miller, J. P., Joy, Goldstein and Florio, JJ., concur.