■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RIVERA, Appellant. [682 NYS2d 859] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered May 22, 1997, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution's witnesses should not have been believed by the jury because their testimony was incredible and inconsistent. However, resolution of issues of credibility, as well as the weight to be accorded to

the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94; *People v Newell,* 173 AD2d 864). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Prochilo,* 41 NY2d 759; *People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The court properly exercised its discretion when it partially closed the courtroom during the trial testimony of the undercover police officer. The undercover officer testified at a *Hinton* hearing that he continued to work in an undercover capacity in the area where the defendant was arrested, that several of his cases from the area of the defendant's arrest were pending or remained open with lost subjects, and that he had traveled to the courthouse in an unmarked car and entered the building through a side entrance because of safety considerations. The court also noted that four of the six cases on the calendar that day were drug cases from the area of the defendant's arrest and three of those defendants were not in custody (*see, People v Ramos,* 90 NY2d 490; *People v Martinez,* 82 NY2d 436; *People v Nicot,* 237 AD2d 310).

Moreover, an officer was posted outside the courtroom to inquire as to anyone who attempted to enter the courtroom during the undercover officer's testimony. Friends, relatives and attorneys were to be allowed entry. If anyone else sought to enter, a sidebar was to be held (*see, People v Brown,* 243 AD2d 641; *People v Rivera,* 237 AD2d 178). Accordingly, the defendant was not deprived of his right to a public trial.

The defendant's remaining contentions are without merit. Miller, J. P., Ritter, Copertino and Altman, JJ., concur.