■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS JOHNSON, Appellant. [753 NYS2d 832] —Judgment,

Supreme Court, New York County (Marcy Kahn, J.), rendered December 17, 1999, convicting defendant, after a nonjury trial, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to a term of 5½ to 11 years, and order, same court and Justice, entered on or about June 29, 2001, which denied defendant's motion to vacate his conviction pursuant to CPL 440.10, unanimously affirmed.

Defendant's claim that the evidence was insufficient to establish that the weight of the cocaine that defendant possessed exceeded the statutory threshold (*see* Penal Law § 220.09 [1]) is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the evidence was legally sufficient, and we would also find that the court's verdict was not against the weight of the evidence. The chemist's testimony clearly established this element of the crime, and refuted defendant's claim that the weight of the drugs may have been affected by alleged commingling with foreign matter or with drugs other than those attributed to defendant (*cf. People v Aponte*, 287 AD2d 371, *lv denied* 97 NY2d 727).

Defendant's claim that, since a *Sandoval* hearing had already been conducted by another justice, the trial court should not have conducted a new hearing is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the trial court properly exercised its discretion in conducting a second *Sandoval* hearing (*see People v Evans*, 94 NY2d 499, 506), and that the fact that, after reviewing defendant's criminal record, the trial court also sat as trier of fact in this nonjury trial was not prejudicial (*see People v Moreno*, 70 NY2d 403). We also note that the second *Sandoval* ruling was more favorable to defendant than the first.

Notwithstanding that no sanction was imposed for the People's loss of a police report, the *Rosario* violation at issue could not have affected the verdict and would not entitle defendant to a new trial (*see* CPL 240.75).

Defendant's motion to vacate judgment was properly denied for the procedural reasons stated by the motion court, and, in any event, because it was without merit. We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Andrias, J.P., Ellerin, Lerner, Friedman and Marlow, JJ.