THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COURTNEY CHERRY, Appellant. [65 NYS3d 696]—

Judgment, Supreme Court, New York County (Erika M. Edwards, J. at first consolidation motion; Ann E. Scherzer, J. at second consolidation motion; Larry R.C. Stephen, J. at

nonjury trial and sentencing), rendered April 9, 2014, convicting defendant of two counts of attempted forcible touching and two counts of sexual abuse in the third degree, and sentencing him to an aggregate term of 60 days, unanimously affirmed.

The second motion court providently exercised its discretion in granting the People's motion for consolidation. Given the issue of intent, proof relating to each incident was admissible with regard to the other (*see* CPL 200.20 [2] [b]).

Defendant's principal argument on appeal is that the order granting consolidation after another court of coordinate jurisdiction had denied the motion constituted a violation of the law of the case doctrine. However, defendant did not preserve this issue (*see People v Johnson*, 301 AD2d 462 [1st Dept 2003], *lv denied* 99 NY2d 655 [2003]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.

Regardless of whether the court had been aware of the earlier determination, it was not bound by it. Here, the discretionary determination as to whether to consolidate the cases involved the determination of an evidentiary issue that would not be binding on a subsequent justice in the same case (*see People v Evans*, 94 NY2d 499 [2000]; *People v McLeod*, 279 AD2d 372 [1st Dept 2001], *lv denied* 96 NY2d 921 [2001]).

In any event, defendant was not prejudiced by the consolidation. The trial court, sitting as trier of fact, made it clear that it was keeping the cases separate and avoiding any inference of criminal propensity. Concur—Friedman, J.P., Gische, Webber, Kahn and Singh, JJ.