People v Talmadge (2020 NY Slip Op 05000)





People v Talmadge


2020 NY Slip Op 05000


Decided on September 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 17, 2020

107572

[*1]The People of the State of New York, Respondent,
v
Eric P. Talmadge, Appellant.

Calendar Date: August 19, 2020

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Pritzker, JJ.


The Bellantoni Law Firm, PLLC, Scarsdale (Amy L. Bellantoni of counsel), for appellant.
Jason J. Kovacs, Special Prosecutor, Kingston, for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Ulster County (McGinty, J.), rendered April 8, 2015, upon a verdict convicting defendant of the crime of perjury in the first degree.
In September 2013, defendant was charged by indictment with one count of perjury in the first degree based upon an allegation that he had provided false testimony that was material to a pistol permit reinstatement proceeding. By way of background, defendant's pistol permit was suspended in March 2012 following an incident after which he was issued an appearance ticket charging him with discharging a weapon within 500 feet of a dwelling. After the charge was dismissed for failure to prosecute, defendant applied for reinstatement of his pistol permit. At the ensuing reinstatement hearing, defendant testified that he had not consumed alcohol on the date of the incident. Following defendant's testimony, one of the police officers who responded to defendant's home on the evening of the incident submitted an affidavit containing information "diametrically opposite about material facts that [defendant] . . . testified to." Despite being given multiple opportunities to recant his testimony, defendant declined to do so.
Following a pretrial suppression hearing, County Court determined that, on the evening of the incident, police officers had illegally entered defendant's premises and the court therefore suppressed "defendant's statements[,] the tangible evidence and observations which flowed from the illegal entry." Six months after the suppression decision, defendant made a motion in limine to exclude from his perjury trial any testimony from witnesses identified by the officers in the course of their illegal entry, including testimony by Wilbur Delanoi, Mark Belice and Heather Marion (hereinafter collectively referred to as the guests). County Court denied the motion in limine as untimely pursuant to CPL 255.20 (3). As a result, at trial, the guests testified to, among other things, whether alcohol was consumed by defendant on the evening of the incident. Ultimately, defendant was convicted as charged and sentenced to 90 days in jail. Defendant appeals.
Defendant argues that the verdict is not supported by legally sufficient evidence because the People failed to demonstrate that defendant was administered an oath prior to providing testimony at the pistol permit reinstatement hearing, and because the People's evidence failed to establish that defendant's statements concerning the consumption of alcohol were material to the reinstatement hearing. "When considering a challenge to the legal sufficiency of the evidence, [this Court must] view the evidence in the light most favorable to the People and evaluate whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (People v Hernandez, 180 AD3d 1234, 1235 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 993 [2020]). "A person is guilty of perjury in the first degree when he [or she] swears falsely and when his [or her] false statement (a) consists of testimony, and (b) is material to the action, proceeding or matter in which it is made" (Penal Law § 210.15; see People v Weiss, 99 AD3d 1035, 1037 [2012], lvs denied 20 NY3d 1012, 1015 [2013]). "Testimony" is defined as "an oral statement made under oath in a proceeding before any court, body, agency, public servant or other person authorized by law to conduct such proceeding and to administer the oath or cause it to be administered" (Penal Law § 210.00 [3]). Moreover, "'[o]ath' includes an affirmation and every other mode authorized by law of attesting to the truth of that which is stated" (Penal Law § 210.00 [1]).
At trial, the People offered the transcript from the reinstatement hearing into evidence. The transcript indicates that, at the request of Judge Donald Williams, the County Judge who presided over the reinstatement hearing, defendant was sworn in by a court officer prior to testifying. Judge Williams testified to the same. The transcript further reflects that Judge Williams asked defendant whether there was "[a]ny drinking" on the day of the incident, to which defendant testified that there was drinking and indicated that an individual named "Mark" had opened a beer while the weapon was being discharged. When defendant was asked if anyone else had anything to drink, he testified that they had not. Judge Williams then specifically asked defendant if he had anything to drink, and defendant stated "[n]o." Judge Williams further questioned defendant as to whether he had had anything to drink "[a]t all that day," to which defendant answered in the negative. The guests also testified at trial. Delanoi testified that, although he did not observe defendant consume alcohol the evening of the incident, it was his opinion that defendant was intoxicated. Belice and Marion both testified that they observed defendant consume alcohol the evening of the incident.
Judge Williams testified that, as the Ulster County Judge, he is responsible for reviewing pistol permit applications and determining matters concerning permit suspensions and revocations. Judge Williams testified that, in order to facilitate this responsibility, he holds hearings "to determine whether or not the person is of the appropriate character, temperament, and background to possess a handgun." Judge Williams testified that, in preparation for the reinstatement hearing, he reviewed defendant's pistol permit file, which indicated that the initial suspension of defendant's permit was "principally predicated upon [his] arrest for discharging a firearm within 500 feet of a dwelling, but also the issue of character, integrity, and temperament, that being purportedly his intoxication at the time of the discharge." Judge Williams further testified that, at the reinstatement hearing, he subjected defendant to "a series of questions that were asked and answered under oath" to determine whether good cause existed for the suspension of defendant's permit and that defendant's testimony in this regard contained information that was an "integral part" of his decision-making process insofar as his inquiry concerned whether defendant "was intoxicated or under the influence of drugs or alcohol at the time of the discharge of [the] firearms." Judge Williams testified that there is no objective standard for character or temperament, but, in this instance, his assessment of "[c]haracter as it refers specifically to the possession of a handgun" necessitated an inquiry regarding defendant's consumption of alcohol on the date of the incident that gave rise to the suspension of defendant's pistol permit.
Based on the foregoing, the People's evidence established that defendant was administered an oath at the reinstatement hearing and that any statements he made constituted sworn testimony (see Penal Law § 210.15; People v Palmer, 235 AD2d 577, 578 [1997], lv denied 89 NY2d 1098 [1997]). The People's evidence further established that defendant's testimony was material to the reinstatement hearing. As Judge Williams testified at trial, in determining whether to issue, suspend or revoke a pistol permit, the court unquestionably considers an applicant's character (see Matter of Dorsey v Teresi, 26 AD3d 635, 636 [2006]). Moreover, it is well settled that evidence of an individual's consumption of alcohol while in the possession of a firearm is capable of influencing the court in its determination of whether that individual has the requisite character for possessing a dangerous instrument (see Matter of Papaioannou v Kelly, 14 AD3d 459, 460 [2005]; Matter of Strom v Erie County Pistol Permit Dept., 6 AD3d 1110, 1112 [2004]; Matter of Ehrlich, 99 AD2d 545, 545 [1984]). Thus, insofar as defendant's statements concerning his consumption of alcohol while possessing and discharging a firearm were "capable of influencing [the court] on the issue before it," the People's evidence established the materiality of defendant's statement (People v Hadid, 121 AD3d 811, 814 [2014] [internal quotation marks and citations omitted]). Therefore, defendant's conviction is supported by legally sufficient evidence (see People v Weiss, 99 AD3d at 1038).
We are similarly unpersuaded by defendant's assertion that County Court erred in denying his motion in limine as untimely.[FN1] "Pursuant to CPL 255.20, all pretrial motions are to be filed within 45 days after arraignment, and a court may summarily deny any pretrial motions filed after the 45-day period, although the court, in the interest of justice and for good cause shown, has the discretion to entertain untimely motions on the merits" (People v Jackson, 48 AD3d 891, 893 [2008] [internal quotation marks, brackets and citations omitted], lv denied 10 NY3d 841 [2008]; see CPL 255.20 [1], [2]). "The time restrictions fixed by CPL 255.20 are not casual. Rather, the deadlines imposed by the statute rest on the strong public policy to further orderly trial procedures and preserve scarce trial resources" (People v Davidson, 98 NY2d 738, 739 [2002] [internal quotation marks and citations omitted]).
Here, defendant was arraigned in September 2013 and filed his omnibus motion in October 2013 seeking, among other things, to suppress the handguns and any testimony regarding the police officers' observations of defendant as a fruit of the officers' unlawful entry. In this omnibus motion, defendant did not similarly move to suppress the testimony of the guests. Defendant's motion in limine seeking to preclude the guests from testifying at trial was not filed until January 2015, which was six months after the decision was rendered on the suppression hearing and approximately two weeks prior to the commencement of the trial. Thus, County Court properly denied defendant's motion in limine as untimely pursuant to CPL 255.20 (3) (see People v Jackson, 48 AD3d at 893). Furthermore, defendant failed to demonstrate good cause for the delay and his motion in limine was based upon the same grounds as his omnibus motion, demonstrating that he was previously aware of the information and circumstances that formed the basis of his motion (see CPL 255.20 [3]; People v Spencer, 169 AD3d 1268, 1271 [2019], lvs denied 34 NY3d 935, 938 [2019]).
Egan Jr., J.P., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant also contends that he should not have been required to file the motion in the first instance inasmuch as the issue raised in his motion "had already been litigated and resolved by the trial court." This "law of the case" argument is unpreserved inasmuch as defendant failed to raise it before County Court (see People v Cherry, 156 AD3d 578, 579 [2017], lv denied 31 NY3d 982 [2018]).