■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE P. HONSINGER, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered March 21, 1989, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree (three counts) and grand larceny in the fourth degree (two counts).

Defendant, by his plea of guilty, admitted that he and his codefendant, armed with what appeared to be a pistol, forcibly stole property from two adult males near a restaurant. Defendant was sentenced to prison terms of 4 to 12 years on each of the first degree robbery counts and 1⅓ to 4 years on each of

the fourth degree grand larceny counts. All sentences are to be served concurrently.

On this appeal defendant argues that (1) it was constitutionally impermissible for County Court to sentence him to 4 to 12 years each on the robbery counts when his jointly indicted codefendant was sentenced to only 3-to-9-year terms for the same crimes, and (2) in view of defendant's severe drug dependency problem at the time of the crime this court should modify his sentence by reducing it to the term of his codefendant or less. We disagree.

A defendant's right to equal protection is not violated if a codefendant has received a lesser sentence for the same crime where there are distinguishing factors such as exist in this case (see, People v Warden, 141 AD2d 913, 914; People v Roberts, 35 AD2d 760). There was evidence which County Court could credit in sentencing defendant that he was the instigating factor in the decision to engage in the robbery and was the one who pointed the alleged toy gun wrapped with black electrical tape at the victims. Further, the court noted that defendant sought to minimize the severity of the offense and considered the whole incident a joke.

Self-induced drug and alcohol problems do not present the type of extraordinary circumstances which would warrant reduction of the sentence imposed by County Court in these circumstances (see, People v Mackey, 136 AD2d 780, 781, lv denied 71 NY2d 899). Defendant demonstrated no acceptable reason to disturb the sentence imposed on the ground that it is harsh and excessive (see, supra).

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.