■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY R. DIAZ, Appellant. [633 NYS2d 639] —Peters, J. Appeal from a judgment of the County Court of Otsego County (Ny-

dam, J.), rendered December 19, 1994, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

The sole issue raised on this appeal is whether County Court abused its discretion by denying defendant's request for youthful offender status and by sentencing him as an adult to a period of incarceration of $1^1/_2$ to $4^1/_2$ years. The granting of youthful offender treatment rests entirely with the court's discretion and depends upon the facts of each individual case (CPL 720.20 [1]; *see, People v Cruickshank*, 105 AD2d 325, 333-335, *affd* 67 NY2d 625; *see also, People v Hayes*, 115 AD2d 910). Our review of the record discloses no abuse of judicial discretion here.

Defendant's conviction arose out of his sale of heroin to a college student who subsequently died of a drug overdose. Although defendant, who was then 17 years old, had no prior criminal convictions, he was a known drug dealer in the community. As the sentencing court accurately observed, defendant's sale of drugs on the date in question was not "an impulsive, youthful indiscretion", but a "deliberate plan" to obtain cash illegally.

Additional factors supportive of County Court's denial of youthful offender treatment are the recommendation in defendant's presentence report that he merited "no leniency" together with the fact that defendant has expressed little understanding or remorse for the consequences of his crime (*see, People v Duff*, 216 AD2d 689, 690).

Under the circumstances presented here, we find no abuse of County Court's discretion in refusing defendant youthful offender status and no reason to consider youthful offender treatment in the interest of justice (*see, People v Buckley*, 196 AD2d 915; *People v Pearson*, 133 AD2d 951).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.