■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENT B. SMITH, Appellant. [682 NYS2d 257] —Graffeo, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered August 19, 1996, convicting defendant upon his plea of guilty of two counts of the crime of criminal possession of a controlled substance in the third degree.

On February 22, 1996 an anonymous caller, having witnessed a drug sale in the vicinity of State Street and Plain Street in the City of Ithaca, Tompkins County, reported the incident to the Ithaca Police Department. The caller described the suspect as a black male wearing a green jacket. Upon arriving at that location approximately 3 to 5 minutes after receiving the suspect's description and location by radio transmission, Police Officer Marlon Byrd observed a black male in a green jacket heading north on Plain Street. There were no other individuals in the vicinity matching the description. As Byrd approached defendant in his vehicle, he inquired whether defendant was "dirty" (street term for possessing illegal drugs or property), to which defendant replied in the negative and began to walk away. Byrd told defendant to "hold on" but as he opened his car door, defendant started running, discarding six plastic bags from his pocket during his flight. Byrd retrieved the plastic bags which appeared to contain crack cocaine. Having recognized defendant and having known the location of his home, Byrd then drove to defendant's residence and placed defendant under arrest. Defendant moved to suppress the seizure of the cocaine and challenged the legality of his arrest. County Court denied defendant's motions and he thereafter pleaded guilty to two counts of criminal possession of a controlled substance in the third degree. Youthful offender status was denied and defendant was sentenced to concurrent terms of imprisonment of 1 to 4 years and this appeal ensued.

We reject defendant's contention that County Court should have granted his suppression motion. Here, Byrd received an anonymous tip which provided the description and location of a drug sale that had just occurred. Arriving at the scene within minutes, the officer observed an individual matching the description walking away from the vicinity. Under such circum-

stances, we find that Byrd had a reasonable suspicion that defendant may have been involved in a crime, thereby triggering the common-law right to inquire (*see, People v Hollman*, 79 NY2d 181, 185; *People v De Bour*, 40 NY2d 210, 215; *People v Bora*, 191 AD2d 384, 385-386, *affd* 83 NY2d 531). Byrd's minimal intrusion of asking defendant if he was "dirty" was not a "forcible seizure" but was necessary merely to obtain explanatory information. After Byrd's initial inquiry, defendant chose to run away and in the process of doing so threw bags containing vials of crack cocaine to the ground. Defendant's contention that the inquiry should have ended since defendant provided a nonincriminatory response to Byrd's question is unavailing. Defendant's immediate flight, in combination with the accuracy of the tip and Byrd's immediate arrival at the specified location, justified Byrd's pursuit of defendant (*see, People v Sierra*, 83 NY2d 928, 930; *People v Leung*, 68 NY2d 734, 736; *People v Douglas*, 227 AD2d 130, *lv denied* 88 NY2d 965; *People v Bora, supra*, at 386; *cf., People v Javier*, 175 AD2d 182).

Because Byrd's initial approach, inquiry and subsequent pursuit of defendant was appropriate and lawful police conduct, County Court's denial of the motion to suppress the drug seizure was proper (*see, People v Leung, supra*, at 736). Moreover, defendant's intentional discarding of the crack cocaine was a calculated act manifesting an independent intent to separate himself from his property and, therefore, its seizure was proper (*see generally, People v Jackson*, 251 AD2d 820; *People v Davis*, 217 AD2d 805, 807, *lv denied* 86 NY2d 841; *Matter of Miguel C.*, 196 AD2d 868, 869). Since the seizure of the drugs was lawful, the police had probable cause to arrest defendant on the drug charge (*see, People v Leung, supra*).

Lastly, the record reflects that County Court properly exercised its discretion in denying defendant youthful offender status after consideration of his prior criminal history, the presentence investigation report, defendant's sentencing memorandum and the relevant circumstances of the case (*see, People v Campbell*, 245 AD2d 983, 984; *People v Diaz*, 221 AD2d 749, *lv denied* 87 NY2d 921).

Crew III, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.