OPINION OF THE COURT
 

 Memorandum.
 

 The appeal should be dismissed.
 

 Following a jury trial, defendant was convicted of loitering “in a public place for the purpose of gambling with cards, dice or other gambling paraphernalia” (Penal Law § 240.35 [2]). He moved to set aside the verdict pursuant to CPL 330.30 (1) on the ground that Penal Law § 240.35 (2) is unconstitutional. Supreme Court granted that motion, but a divided Appellate Division reversed and reinstated the verdict. One of the two dissenting Appellate Division Justices granted leave to appeal to this Court. We now dismiss because the Appellate Division reversal was predicated on an unpreserved issue and thus the reversal did not meet the requirements of CPL 450.90 (2) (a).
 

 By motion pursuant to CPL 210.20 (1) (a) and CPL 210.25 (3), a defendant may seek dismissal of an indictment based on unconstitutionality of the statute defining the offense charged. Under CPL 210.20 (2), a defendant should make such a dismissal motion within the period provided under CPL 255.20. CPL 255.20 (1) in turn requires the motion to be “served or filed within forty-five days after arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to entry of judgment.” A trial court is afforded discretion to entertain a dismissal motion “in the interest of justice, and for good cause shown” at any time before sentence (CPL 255.20 [3]). No such motion was made here.
 

 The time restrictions fixed by CPL 255.20 are not casual. Rather, the deadlines imposed by the statute rest on “ ‘the strong public policy to further orderly trial procedures and preserve scarce trial resources’ ”
 
 (People v Jennings,
 
 69 NY2d 103, 113 [1986] [quoting
 
 People v Lawrence,
 
 64 NY2d 200, 207 (1984)];
 
 see also
 
 1972 Report of NY Judicial Conference Advisory Committee on CPL, 1973 McKinney’s Session Laws of NY, at 2076-2077). Plainly, the Legislature intended that a potentially dispositive motion that could be made by a defendant at the outset of a prosecution should not be delayed until after an unfavorable verdict.
 

 Because defendant’s constitutional challenge to the loitering statute was made for the first time on his motion pursuant to CPL 330.30, it was not properly preserved
 
 (see People v Hines,
 
 
 *740
 
 97 NY2d 56, 61 [2001]). The Appellate Division decided the constitutional issue on the merits without addressing the lack of preservation. Thus, as its reversal was based on this unpreserved issue, it does not satisfy the jurisdictional requirement of CPL 450.90 (2) (a) (see
 
 People v Cona,
 
 49 NY2d 26, 33 [1979]).
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Appeal dismissed in a memorandum.