■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES M. KNOWLES, Appellant. [785 NYS2d 561]—

Carpinello, J. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered October 31, 2002, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts).

Defendant pleaded guilty to all counts of a three-count indictment charging him with criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. The charges stem from defendant's sale of crack cocaine to an undercover police officer on April 23, 2000 when defendant was 16 years old. The exchange took place from the rear window of the home of a confidential informant where defendant had been staying for several days. Shortly after the sale, defendant was arrested inside the residence. A search of his person produced additional bags of drugs, the prerecorded buy money and a substantial amount of additional cash. Youthful offender status was denied and defendant was sentenced to concurrent prison terms of 4 to 12 years on each count. He now appeals.

We affirm. We discern no abuse of County Court's discretion in summarily denying defendant's motion to suppress evidence based upon an alleged *Payton* violation (*see People v Augustine,* 235 AD2d 915 [1997], *appeal dismissed* 89 NY2d 1072 [1997], *lv denied* 89 NY2d 1088 [1997]). Contrary to defendant's contention, a stipulation in lieu of motion did not afford him additional time to file this particular motion. Rather, the stipulation clearly states that any motions not specifically governed by it "shall be governed strictly by CPL § 255.20 (1) in that good cause must be shown for failure to make such motion in a timely fashion." As noted by the Court of Appeals, "[t]he time restrictions fixed by CPL 255.20 are not casual" (*People v Davidson,* 98 NY2d 738, 739 [2002]) and are directly related to "the strong public policy to further orderly trial procedures and preserve scarce trial resources" (*People v Lawrence,* 64 NY2d 200, 207 [1984]; *accord People v Davidson, supra* at 739; *see Matter of Veloz v Rothwax,* 65 NY2d 902 [1985]). Thus here, the motion to suppress was untimely and, therefore, could be summarily denied (*see People v Augustine, supra* at 916).

We likewise reject the contention that the motion should have been heard because it was based upon newly discovered evidence (*see* CPL 255.20 [3]; 710.40 [2]), namely, the grand jury minutes which did not come into defendant's possession until sometime after the stipulation was signed. The alleged *Payton* violation concerned the entry into the subject premises by authorities without defendant's consent and his subsequent warrantless arrest. Defendant was surely aware of the circumstances surrounding his arrest such that evidence adduced during the grand jury proceedings on this issue did not constitute additional, pertinent facts (*see e.g. People v Young,* 278 AD2d 437, 438 [2000], *lv denied* 96 NY2d 765 [2001]; *People v*

*Hankins,* 265 AD2d 572 [1999], *lv denied* 94 NY2d 880 [2000]; *People v Adams,* 224 AD2d 433 [1996], *lv denied* 88 NY2d 875 [1996], *cert denied* 526 US 1101 [1999]; *People v Simon,* 222 AD2d 1117 [1995], *lv denied* 87 NY2d 977 [1996]; *People v Toxey,* 220 AD2d 204 [1995], *lv denied* 88 NY2d 855 [1996]; *People v Mitchell-Benetiz,* 168 AD2d 994 [1990], *lv denied* 77 NY2d 909 [1991]). Thus, his belated suppression motion was not based "upon grounds of which [he] could not, with due diligence, have been previously aware" (CPL 255.20 [3]; *see People v Coates,* 157 AD2d 843, 844 [1990]; *see also People v Young, supra; People v Hankins, supra; People v Adams, supra; People v Simon, supra; People v Toxey, supra; People v Mitchell-Benetiz, supra*).

Finally, while defendant was clearly eligible for youthful offender status (*see* CPL 720.10 [2]), we find no abuse of discretion in County Court's denial thereof. Certain factors support this decision, including the gravity of the offense, defendant's lack of remorse and the recommendation of the Probation Department in the presentence report (*see e.g. People v Smith,* 256 AD2d 732, 733 [1998], *lv denied* 93 NY2d 929 [1999]; *People v Diaz,* 221 AD2d 749 [1995], *lv denied* 87 NY2d 921 [1996]). We are also unpersuaded that the sentence was unduly harsh or excessive.

Spain, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.