■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON E. GARCIA, Appellant. [802 NYS2d 533]—

Carpinello, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered October 1, 2003, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree and assault in the second degree.

Defendant pleaded guilty to robbery in the first degree and assault in the second degree in satisfaction of a four-count

indictment charging these crimes, as well as burglary in the first degree and grand larceny in the fourth degree. The charges stem from an incident in the early morning hours of November 21, 2002 wherein defendant, along with two others, broke into the apartment of an upstairs neighbor, struck him in the head with a pellet gun and stole his property. Sentenced to concurrent prison terms of 8 1/2 years for the robbery conviction and two years for the assault conviction, defendant appeals.

We affirm. Defendant contends that he was denied due process when County Court denied his motion to suppress the victim's voice identification of him. This argument is rejected for two reasons. First, the motion was clearly untimely and, thus, County Court did not abuse its discretion in denying it on this ground (*see* CPL 255.20 [1]; *see also People v Lawrence*, 64 NY2d 200, 207 [1984]; *People v Knowles*, 12 AD3d 939, 940 [2004]; *People v Augustine*, 235 AD2d 915, 916 [1997], *lv denied* 89 NY2d 1088 [1997], *appeal dismissed* 89 NY2d 1072 [1997]; *see generally People v Davidson*, 98 NY2d 738, 739 [2002]). More importantly, the motion was manifestly without merit as no police-arranged, pretrial identification procedure of any kind was conducted in this case and hence there was no "evidence" to suppress. Defendant's argument is really an attack on the ultimate strength of the People's case against him (i.e., he questions the reliability of the victim's identification of him since the crime occurred in a dark apartment and the victim did not know him that well), an argument which he forfeited by pleading guilty.

Finally, we are unpersuaded that the sentence is harsh and excessive. As a condition of his guilty plea, it was agreed that defendant would receive a sentence between 5 and 10 years in prison. Thus, the sentence ultimately handed down was not only substantially less than that authorized by law, it was more lenient than what could have been imposed under the plea agreement. Under these circumstances, and given the nature of the offense, we find no extraordinary circumstances warranting a reduction in the sentence (*see People v Flood*, 307 AD2d 478, 479 [2003], *lv denied* 100 NY2d 642 [2003]; *People v Creighton*, 298 AD2d 774, 775 [2002]).

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the judgment is affirmed.