■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE A. CROCKETT, Appellant. [816 NYS2d 612]—

Lahtinen, J. Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered October 1, 2004, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree (three counts) and criminal possession of a weapon in the fourth degree (two counts).

An administrator from the Schenevus Central School District contacted the Otsego County Sheriff's Department and reported that defendant (a parent of a student at the school) had made threatening comments about a school bus driver, including that the driver might accidentally get shot, and had been observed by the driver holding a military-type rifle. The Sheriff's Department determined that defendant had a criminal record and

secured a search warrant for defendant's home. Police officers executed the warrant and seized, among other things, various loaded revolvers, as well as shotguns and rifles. Defendant was charged in an amended indictment with three counts of the felony of criminal possession of a weapon in the third degree and two counts of the misdemeanor of criminal possession of a weapon in the fourth degree.

Pretrial proceedings included a *Franks* hearing (*see Franks v Delaware*, 438 US 154 [1978]), which was necessary because the search warrant application had incorrectly stated that defendant was a convicted felon when, in fact, his prior convictions were misdemeanors. County Court determined that the incorrect statement had not been knowingly and intentionally made and, thus, that the search warrant was valid.

Defendant was convicted by a jury of all the charged counts. He was sentenced to prison terms of 2¹/₃ to 7 years on the felony counts and one year on the misdemeanor counts, all to run concurrently. Defendant appeals.

Defendant initially argues that County Court erred in permitting the People to introduce evidence of the events that precipitated the issuing of a search warrant. He contends that his verbal threat and displaying a rifle should not have been admissible at trial. Evidence of uncharged conduct by a defendant that provides background information may, under some circumstances and when accompanied by proper limiting instructions, be permitted at trial (*see People v Tosca*, 98 NY2d 660, 661 [2002]; *People v Till*, 87 NY2d 835, 837 [1995]). However, as recently explained by the Court of Appeals, admitting evidence of this nature "is a delicate business, and there is the danger that uncharged crime testimony may improperly divert the jury from the case at hand or introduce more prejudice than evidentiary value" (*People v Resek*, 3 NY3d 385, 389 [2004]). Here, County Court observed, when weighing whether to admit the evidence, that the prior acts did not appear to constitute criminal conduct, and the court gave prompt and appropriate limiting instructions when the evidence was received. We note that the prosecution's concern about the jury speculating as to why a search warrant was issued certainly could have been handled in a different fashion (*see id.* at 390). Nevertheless, in light of the nature of the evidence and the clear limiting instructions promptly provided by the trial court, we are unpersuaded that the evidence was so prejudicial as to require reversal.

Nor are we persuaded that reversal is required because County Court rejected as untimely defendant's claim that counts four and five should be dismissed upon the ground that each

charged multiple crimes. Defendant's order to show cause raising this issue was presented to the court on the day the trial commenced, which was approximately 90 days after the filing of the amended indictment. The motion did not comply with the time requirements of CPL 255.20 (1) and defendant did not show good cause for his untimeliness (*see People v Wright*, 22 AD3d 873, 875 [2005], *lv denied* 6 NY3d 761 [2005]; *People v Garcia*, 22 AD3d 880, 881 [2005]; *People v Knowles*, 12 AD3d 939, 940 [2004]; *People v James*, 98 AD2d 863, 865 [1983]). In any event, were we to address the merits in the interest of justice, we would not reverse on such ground. While counts four and five alleged several weapons in each count, County Court required the jury to find that defendant possessed *all* the weapons alleged in a count for a finding of guilty on that count. Hence, the court eliminated the possibility of some jurors voting to convict on the basis of some weapons and other jurors voting to convict based on other weapons alleged in a particular count (*cf. People v Davis*, 72 NY2d 32, 38 [1988]; *People v Archer*, 238 AD2d 183, 183-184 [1997]).

Defendant advances two pro se arguments premised upon the fact that he did not have a prior felony conviction. He contends that the indictment was defective and the search warrant illegally obtained. Turning first to the indictment, the crimes for which defendant was indicted do not require a prior felony conviction; but require that he possessed a weapon and was previously convicted of any crime (*see* Penal Law § 265.02 [1]; § 265.01 [1] [criminal possession of a weapon in the third degree]) or that he possess a rifle or shotgun and was previously convicted of a felony or a serious offense (*see* Penal Law § 265.01 [4] [criminal possession of a weapon in the fourth degree]). Defendant's prior convictions included criminal possession of a weapon in the fourth degree, which, under the circumstances, satisfied the requirement of a prior serious offense conviction (*see* Penal Law § 265.00 [17]).

Next, we consider defendant's further pro se argument that, since he did not have a prior felony conviction, the search warrant was illegally obtained. The officer who applied for the warrant testified at the *Franks* hearing that he obtained defendant's criminal history from the Division of Criminal Justice Services and that history listed a felony conviction in Suffolk County. The error was not discovered until well after the warrant had been executed. County Court credited the officer's testimony and determined that defendant failed to meet his burden of showing that the officer's statements were knowingly false or made with reckless disregard of the truth (*see People v Griffin,*

234 AD2d 718, 720 [1996], *lv denied* 89 NY2d 1036 [1997]). The record supports County Court's determination.

Finally, defendant asserts that his sentence is harsh and excessive. County Court set forth in detail its reasons for imposing the maximum sentence, including various factors (e.g., loaded weapons stored in an unsafe manner, defendant's belief of conspiracies at work against him, and his use of threats) that caused the court to conclude that defendant posed a danger to the community. Finding neither an abuse of discretion nor extraordinary circumstances, we decline to modify the sentence (*see People v Tirado*, 19 AD3d 712, 714 [2005], *lv denied* 5 NY3d 810 [2005]). The remaining arguments have been considered and found unpersuasive.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed.