■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v INGA SHEREMET, Appellant. [838 NYS2d 251]—

Kane, J. Appeal from a judgment of the County Court of Warren County (Hall, Jr., J.), rendered July 14, 2004, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a

hypodermic instrument and criminal possession of a controlled substance in the seventh degree.

Defendant was indicted for several crimes related to her sale and possession of drugs and drug paraphernalia. When County Court arraigned her on the indictment on January 14, 2004, she was represented by counsel who had apparently been assigned by City Court after defendant's arrest. After defendant expressed her desire to hire a different attorney, County Court informed her that she and her attorney needed to be aware of the 45-day time limit to file motions. Assigned counsel appeared with defendant at a January 29, 2004 conference, where she rejected an offer to plead to a reduced charge and receive a prison sentence of 1 to 3 years. Defendant apparently attempted to retain private counsel, but was unsuccessful. On March 22, 2004, assigned counsel filed demands for a bill of particulars and discovery, but he did not file an omnibus motion until May 28, 2004. The court denied the motion as untimely and adhered to that decision upon reargument. After the jury convicted defendant of criminal sale of a controlled substance in the third degree, criminal possession of a hypodermic instrument and criminal possession of a controlled substance in the seventh degree, the court imposed a prison sentence of 4 to 12 years on the felony count and concurrent one-year sentences on the misdemeanor counts. Defendant appeals.

County Court did not err in denying defendant's omnibus motion as untimely. All pretrial motions must be filed within 45 days of arraignment, unless the defendant is not represented by counsel and has requested an adjournment to obtain counsel or have counsel assigned, in which case the 45-day period will begin when counsel appears on defendant's behalf (*see* CPL 255.20 [1]). The statutory exception does not apply to defendant because she was represented by assigned counsel and never requested an adjournment to retain private counsel. Although defendant argues that assigned counsel did not represent her for a period while she made inquiries regarding retaining new counsel, assigned counsel remained counsel of record since neither defendant nor assigned counsel moved to have assigned counsel relieved by the court. Even if we accepted defendant's contention that she was unrepresented for a period of time, assigned counsel certainly represented her when he filed demands for discovery and a bill of particulars and when he filed the omnibus motion more than 45 days following those demands. Hence, the omnibus motion was untimely and the court was authorized to summarily deny it (*see* CPL 255.20 [3]; *People v Augustine*, 235 AD2d 915, 916 [1997], *appeal dismissed* 89 NY2d 1072 [1997], *lv denied* 89 NY2d 1088 [1997]).

A court may summarily deny any pretrial motions filed after the 45-day period, although the court, in the interest of justice and for good cause shown, has the discretion to entertain untimely motions on the merits (*see* CPL 255.20 [3]; *People v Davidson,* 98 NY2d 738, 739 [2002]). We cannot say that County Court abused its discretion in refusing to entertain the omnibus motion on its merits where, as here, defendant failed to show good cause for her delay in filing the motion (*see People v Augustine, supra* at 916-917), and counsel made the motion returnable on the day fixed for jury selection.

Finally, defendant's sentence was not harsh or excessive. She was on probation for a similar charge at the time that she committed these crimes and County Court imposed less than half the maximum permissible sentence. We are unpersuaded by defendant's argument that the court unfairly punished her by imposing a longer sentence than the one offered as part of a plea bargain (*see People v Castle,* 251 AD2d 891, 893 [1998], *lv denied* 92 NY2d 923 [1998]). The offer was to plead guilty to a class D felony as a reduced charge. A longer sentence is justified by her conviction of a class B felony and two misdemeanors. The lesser offer prior to trial also reflected the People's acknowledgment of their risk in going to trial with a drug addict as a primary prosecution witness, a circumstance that was not a factor after trial (*compare People v Morton,* 288 AD2d 557, 559 [2001], *lv denied* 97 NY2d 758 [2002], *cert denied* 537 US 860 [2002]).

Crew III, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.