■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRISON TIMBERLAKE, Appellant. [839 NYS2d 342]— Peters J. Appeal from a judgment of the County Court of Tioga County (Squeglia, J.), rendered October 7, 2005, upon a verdict convicting defendant of the crime of criminal mischief in the third degree.

In the early morning hours of January 1, 2005, police officers found defendant passed out on the floor of a stairway in a building located in the Village of Owego, Tioga County, with a half-empty bottle of liquor next to him. Highly intoxicated, he was unable to tell the officers where he lived.

While being transported to a detoxification unit at the local hospital, he began to violently kick the window of the police vehicle. When the vehicle was stopped for the purpose of warning defendant to stop kicking, the officer noticed that the window frame was bowed out. Defendant was placed under arrest and his destination was changed to the police station. As the drive

continued, defendant resumed kicking the window until it shattered, attempting thereafter to climb out.

Defendant was indicted for the crime of criminal mischief in the third degree and, following a *Huntley* hearing, was convicted of said count. Sentenced as a second felony offender to a term of imprisonment of 2 to 4 years, he appeals and we affirm.

Defendant claims that he was denied the effective assistance of counsel. In addressing such claim, we assess whether "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *accord People v Mabry*, 27 AD3d 835, 837 [2006]). Unsuccessful trial tactics do not automatically indicate ineffectiveness; a defendant is obligated to show that counsel failed to provide meaningful representation by committing errors which were so egregious and prejudicial as to render the trial unfair (*see People v Benevento*, 91 NY2d 708, 713 [1998]). Having reviewed defendant's specific assertions of error, we find no merit to his claim.

As to the sentence, which fell within the acceptable range for the crime committed, we will not disturb it unless extraordinary circumstances warrant our intervention or the sentencing court abused its discretion (*see People v Sidbury*, 24 AD3d 880, 881 [2005], *lv denied* 6 NY3d 818 [2006]). Having found no such circumstances, particularly where defendant's intoxication was self-induced (*see People v Honsinger*, 162 AD2d 877, 878 [1990], *lv denied* 76 NY2d 894 [1990]), we affirm.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.