■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD J. MINOR, Appellant. [844 NYS2d 485]—

Peters, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered May 24, 2005, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts) and conspiracy in the fourth degree.

In July and August 2004, defendant sold crack cocaine to an informant, resulting in an indictment charging him with two counts of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the third degree and conspiracy in the fourth degree. By a second indictment, he was charged with criminal possession of a controlled substance in the third degree, arising out of an incident during defendant's booking process where a bag of crack cocaine was found on the floor; it was alleged that the cocaine had been possessed by defendant.

With the two matters consolidated for trial and defendant having rejected numerous plea offers, a jury trial ensued. Shortly after the commencement of deliberations, County Court was advised by the jury that it could not reach a verdict on the possession charge relating to the bag of crack cocaine found during defendant's booking process. As the jurors had deliberated for a short period of time, County Court instructed them to resume their deliberations. Later, they twice requested permission to leave for the night and return the next morning to resume deliberations. During such communication, they informed the court that they had reached a verdict on all but this possession count. Without the consent of defendant, County Court took a partial verdict from the jury. It found defendant guilty on all counts relating to the controlled buys in July and August 2004. After deliberations the next morning, defendant was found not guilty of the criminal possession charge emanating from the booking.

At sentencing, defendant spoke on his own behalf commenting, among other things, upon mistakes allegedly made during his trial. Despite the People's request and defendant's qualifying status, County Court declined to sentence defendant as a persistent felon. Instead, the court sentenced him as a first felony offender to the maximum sentence permitted on each count, constituting an aggregate term of incarceration of 16²/₃ to 50 years. He appeals and we affirm.

Defendant's challenge to the instructions given to the jury is unpreserved and, in any event, without merit (*see People v Gause*, 38 AD3d 999, 1000-1001 [2007], *lv denied* 9 NY3d 865 [2007]). Nor was defendant denied the opportunity to speak on his own behalf at sentencing. While County Court attempted to focus defendant's comments upon the issue of sentencing, defendant was permitted to make his statement in its entirety.

Turning to the issue of sentencing, it is well settled that the determination of what constitutes an appropriate sentence lies within the sound discretion of the trial court. Absent extraordinary circumstances, the court's decision in this regard will not be disturbed (*see People v Martinez*, 40 AD3d 1309, 1310 [2007]). County Court declined to sentence defendant as a persistent felony offender, despite his qualifying status. While each sentence meted out was the maximum allowed for that crime, County Court recited numerous pertinent factors to support the sentence imposed. These included defendant's lengthy criminal history, the nature of the crimes committed and the overwhelming evidence at trial. As these are all appropriate considerations (*see People v Cox*, 122 AD2d 487, 488 [1986]), and the record reveals no evidence that defendant was penalized for exercising his right to trial (*see People v Sheremet*, 41 AD3d 1038, 1040 [2007], *lv denied* 9 NY3d 881 [2007]), we will not disturb the sentence.

Mercure, J.P., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.