■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN JACKSON, Appellant. [851 NYS2d 677]—

Peters, J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered May 25, 2004, upon a verdict convicting defendant of the crimes of burglary in the first degree, robbery in the second degree, attempted rape in

the first degree and petit larceny, and (2) by permission, from an order of said court, entered December 15, 2006, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

During the afternoon of September 3, 2003, defendant and two neighbors of the victim were conversing in front of the victim's apartment. When the victim returned to the apartment carrying groceries, defendant offered to assist her in bringing them upstairs. Once inside her apartment, defendant allegedly asked her to kiss him and to perform fellatio upon him. Upon her refusal to comply, defendant allegedly slapped her in the face numerous times, forcibly removed her shorts and undergarments and attempted to rape her. The victim physically resisted defendant's attempts, at which time defendant took money from her and fled. A week later she identified defendant from a photo array.

After a jury trial, defendant was convicted of burglary in the first degree, robbery in the second degree, attempted rape in the first degree and petit larceny. He was thereafter sentenced, as a second felony offender, to an aggregate prison term of 25 years with five years of postrelease supervision. Defendant's CPL 440.10 motion seeking to vacate his judgment of conviction on the ground that he was denied the effective assistance of counsel was denied by County Court without a hearing. He now appeals from the judgment of conviction and, by permission, the denial of his CPL 440.10 motion.

Defendant first contends that his convictions rest upon legally insufficient evidence and are against the weight of the evidence. We disagree. The evidence established that defendant remained unlawfully in the victim's apartment after she requested that he leave, intended to commit a crime therein and caused the victim physical injury, satisfying the elements of burglary in the first degree (*see* Penal Law § 140.30 [2]). With respect to defendant's convictions for robbery in the second degree and petit larceny, the People presented sufficient evidence to show that he forcibly stole the victim's money and caused her injury in the course of doing so. Lastly, the victim's testimony that defendant forcibly removed her clothing, held her down against her will and attempted to engage in sexual intercourse was legally sufficient to establish his conviction of attempted rape in the first degree (*see* Penal Law §§ 110.00, 130.35 [1]). Moreover, evaluating the evidence in a neutral light (*see People v Griffin*, 26 AD3d 594, 596 [2006], *lv denied* 7 NY3d 756 [2006]) and according deference to the jury's credibility determinations (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), we are satisfied that the verdict is not against the weight of the evidence.

Next, we discern no abuse of County Court's discretion in summarily denying defendant's untimely motion for a *Dunaway* hearing. Pursuant to CPL 255.20, all pretrial motions are to be filed within 45 days after arraignment (*see* CPL 255.20 [1]), and "[a] court may summarily deny any pretrial motions filed after the 45-day period, although the court, in the interest of justice and for good cause shown, has the discretion to entertain untimely motions on the merits" (*People v Sheremet*, 41 AD3d 1038, 1040 [2007], *lv denied* 9 NY3d 881 [2007]; *see* CPL 255.20 [3]). "The time restrictions fixed by CPL 255.20 are not casual" (*People v Davidson*, 98 NY2d 738, 739 [2002]) and are based upon "the strong public policy to further orderly trial procedures and preserve scarce trial resources" (*People v Lawrence*, 64 NY2d 200, 207 [1984]; *see People v Knowles*, 12 AD3d 939, 940 [2004]). Inasmuch as defendant's belated request for a *Dunaway* hearing was made nearly five months after his arraignment and he failed to show good cause for such delay, County Court acted within its discretion in summarily denying the motion (*see People v Augustine*, 235 AD3d 915, 916 [1997], *appeal dismissed* 89 NY2d 1072 [1997], *lv denied* 89 NY2d 1088 [1997]).

Nor was it error for County Court to deny defendant's CPL 440.10 motion without a hearing, since defendant's arguments relating to the effectiveness of counsel's representation could properly be resolved based upon the contents of the record and the motion submissions (*see People v Satterfield*, 66 NY2d 796, 799 [1985]; *People v Griffin*, 24 AD3d 972, 974 [2005], *lv denied* 6 NY3d 834 [2006]; *People v Hickey*, 277 AD2d 511, 511 [2000], *lv denied* 95 NY2d 964 [2000]).

We next address the merits of defendant's effective assistance claim. "The constitutional right to the effective assistance of counsel does not mean that the representation was error free in every respect, but simply that defendant was afforded a fair trial" (*People v Damphier*, 13 AD3d 663, 664 [2004] [citation omitted]; *see People v Henry*, 95 NY2d 563, 565 [2000]). Here, defense counsel made cogent opening and closing statements, presented a reasonable albeit unsuccessful defense, vigorously cross-examined the People's witnesses and successfully voiced objections during the trial. Although defendant takes issue with counsel's failure to include within his pretrial motion a request for *Wade* and *Dunaway* hearings, we note that the failure to request a particular hearing does not, in and of itself, constitute ineffective assistance of counsel (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Perea*, 27 AD3d 960, 961 [2006]) particularly where, as here, such endeavor was potentially futile (*see People v Hargett*, 11 AD3d 812, 815 [2004], *lv denied* 4

NY3d 744 [2004]; *People v May*, 301 AD2d 784, 787 [2003], *lv denied* 100 NY2d 564 [2003]). Further, defendant's hindsight disagreement with counsel's tactical decision not to call a specific witness, whose testimony was potentially harmful to the defense and would have, at a minimum, placed defendant at the scene, does not amount to ineffective assistance (*see People v Smith*, 82 NY2d 731, 732-733 [1993]; *see also People v Llanos*, 13 AD3d 76, 77 [2004], *lv denied* 4 NY3d 833 [2005]). Viewing the evidence, the law, and the circumstances of the case in totality and as of the time of the representation, we find that counsel provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Timberlake*, 42 AD3d 761, 762 [2007]).

Defendant's remaining contentions, including his challenge to the sentence imposed, have been considered and found to be without merit.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment and order are affirmed.