## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  June 18, 2015                    105473
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

           v                              MEMORANDUM AND ORDER

RASHAN L. MITCHELL,
                    Appellant.
_____

Calendar Date:  April 30, 2015

Before:  Lahtinen, J.P., Garry, Egan Jr. and Rose, JJ.

_____

        Neal D. Futerfas, White Plains, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered August 3, 2012, upon a verdict
convicting defendant of the crimes of criminal possession of a
weapon in the second degree and criminal possession of a weapon
in the third degree.

        Defendant was charged with criminal possession of a weapon
in both the second and third degrees after a loaded revolver was
found lying beneath him on the ground when he was apprehended by
police officers who had been surveilling an illegal drug
transaction.  He was convicted as charged and County Court
sentenced him to an aggregate prison term of 15 years plus five
years of postrelease supervision.  He now appeals.

Initially, we cannot agree with defendant's contention that the statutes with which he was charged are unconstitutional (see Penal Law §§ 265.02 [1]; 265.03 [3]).  As we have previously held, "Penal Law article 265 does not effect a complete ban on handguns and is, therefore, not a 'severe restriction' improperly infringing upon defendant's Second Amendment rights'" (People v Perkins, 62 AD3d 1160, 1161 [2009], lvs denied 13 NY3d 748 [2009], quoting District of Columbia v Heller, 554 US 570, 629 [2008]; see People v Hughes, 83 AD3d 960, 961-962 [2011], affd 22 NY3d 44 [2013]).

Nor can we agree that defendant's motion to suppress the weapon as the result of an unlawful seizure should have been granted.  Police detectives testified that, while they were performing radio and video surveillance of a confidential informant (hereinafter the CI) and an undercover officer attempting to purchase narcotics in an area known for its drug activity, they observed defendant acting as a lookout during the transaction.  Defendant was dressed in a similar manner to his two male companions and, according to a detective, drug dealers often dress in a similar manner in order to make an accurate description more difficult.  After the CI and the undercover officer confirmed that narcotics had been purchased from one of defendant's companions and provided a description, detectives approached defendant's group as they walked away and ordered them to stop and put up their hands.  Although defendant initially complied, he then turned, reached his hand toward the back of his waist and started running.  The police chased defendant until he fell while attempting to go over a fence.  Seeing something black in defendant's hands, a detective jumped on top of him, pinning defendant to the ground with his hands beneath his body.  After defendant was subdued, a loaded black revolver was found on the ground beneath him.

A reasonable suspicion that a particular individual was involved in a crime is required in order to justify a forcible detention (see People v De Bour, 40 NY2d 210, 223 [1976]).  Contrary to defendant's argument, he was not approached and ordered to stop merely because of his presence in a high-crime area.  Rather, his manner of dress and conduct gave detectives reasonable suspicion to believe that he had been part of the drug

transaction engaged in by the CI, thus justifying their initial approach and subsequent pursuit (see People v Woods, 98 NY2d 627, 628 [2002]; People v Sierra, 83 NY2d 928, 930 [1994]; People v Martinez, 80 NY2d 444, 448 [1992]). According weight to County Court's ability to observe the witnesses and view the surveillance video (see People v Prochilo, 41 NY2d 759, 761 [1977]; People v Morris, 105 AD3d 1075, 1077 [2013], lv denied 22 NY3d 1042 [2013]), we perceive no basis to disturb the court's determination to deny the suppression motion (see People v Ford, 110 AD3d 1368, 1371 [2013], lv denied 24 NY3d 1043 [2014]; People v Davenport, 92 AD3d 689, 690-691 [2012], lv dismissed 19 NY3d 959 [2012]).

Although defendant also contends that the prosecutor's remarks during summation improperly shifted the burden of proof, defendant did not object to the summation and, thus, this issue is not preserved for our review (see People v VanVorst, 118 AD3d 1035, 1037 [2014]; People v Reichel, 110 AD3d 1356, 1364 [2013], lv denied 22 NY3d 1090 [2014]). Were we to consider it, we would agree that the prosecutor impermissibly commented that defendant offered no evidence to explain why his DNA was on the handgun and should not have suggested that to believe defendant would require believing that the police officers risked their jobs to frame him. Nevertheless, we would not find a "flagrant and pervasive pattern of prosecutorial misconduct so as to deprive [defendant] of a fair trial" (People v VanVorst, 118 AD3d at 1037 [internal quotation marks and citation omitted]; accord People v Rivera, 124 AD3d 1070, 1075 [2015]; see People v Hughes, 111 AD3d 1170, 1173 [2013], lv denied 23 NY3d 1038 [2014]). Rather, the prosecutor's summation was primarily about the "proved facts and circumstances and the inferences to be drawn therefrom in order to support or undermine the credibility of any witness[es]" (People v Bailey, 58 NY2d 272, 277 [1983]), and, considered in context, the improper comments would not require reversal (see People v Goldston, 126 AD3d 1175, 1180-1181 [2015]; People v Head, 90 AD3d 1157, 1158 [2011]; People v McCombs, 18 AD3d 888, 890 [2005]).

We also find unpersuasive defendant's contention that County Court deprived him of his right to counsel by denying his pretrial request for substitution of counsel. Defendant's

generalized complaints that counsel initially assigned to him by the Public Defender's office did not spend enough time meeting with him and could not represent him "in the right fashion" did not trigger the need for an inquiry into whether good cause existed for substitution (see People v Smith, 18 NY3d 588, 593 [2012]; People v Beriguette, 84 NY2d 978, 980 [1994]; People v Donovan, 248 AD2d 895, 896 [1998], lv denied 92 NY2d 851 [1998]; People v Frayer, 215 AD2d 862, 863-864 [1995], lv denied 86 NY2d 794 [1995]).  Furthermore, we note that defendant went to trial with a different attorney from the Public Defender's office, about whom he has not complained.

Nor is there any basis to disturb the sentence.  County Court properly considered defendant's role in the drug transaction that preceded his arrest (see People v Mason, 299 AD2d 724, 726 [2002], lv denied 100 NY2d 564 [2003]), and the record does not establish that it acted out of personal animosity or penalized defendant for exercising his right to trial (see People v Brown, 123 AD3d 1298, 1299 [2014]; People v Griffin, 122 AD3d 1068, 1071 [2014]; People v Mercado, 113 AD3d 930, 934 [2014], lv denied 23 NY3d 1040 [2014]).  Rather, the court specifically rejected the People's suggestion that defendant should be punished for going to trial and considered the appropriate factors in reaching its determination (see People v Crockett, 30 AD3d 768, 771 [2006], lv denied 7 NY3d 866 [2006]; People v Duplessis, 16 AD3d 846, 848 [2005], lv denied 4 NY3d 853 [2005]).  We have considered defendant's remaining contentions, including his claim that the cumulative effect of errors deprived him of a fair trial, and find them to be unavailing.

Lahtinen, J.P., Garry and Egan Jr., JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court