*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                    106580
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

TEJPAUL RUPNARINE,
                        Appellant.
_____

Calendar Date:  April 29, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Lynch and Aarons, JJ.

_____

        Adam G. Parisi, Schenectady, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

_____

Aarons, J.

        Appeal from a judgment of the Supreme Court (Milano, J.), rendered November 25, 2013 in Schenectady County, upon a verdict convicting defendant of the crimes of robbery in the second degree, unlawful imprisonment in the first degree, menacing in the second degree and criminal mischief in the fourth degree.

        Defendant was indicted and charged with multiple crimes stemming from an incident in January 2013, where defendant lured his ex-girlfriend to his house where he had been living, damaged and deprived her of her cell phone, restrained her by physical force, punched her and threatened her with a knife.  Following a jury trial, defendant was convicted of robbery in the second degree, unlawful imprisonment in the first degree, menacing in the second degree and criminal mischief in the fourth degree.

Defendant was subsequently sentenced to an aggregate prison term of seven years followed by five years of postrelease supervision. Defendant's primary contention on appeal is that the prosecutor's comments during summation deprived him of a fair trial. While defendant did not preserve this argument for review due to his failure to raise an objection during the prosecutor's summation (see CPL 470.05 [2]), we exercise our interest of justice jurisdiction and reverse (see People v Skinner, 298 AD2d 625, 626 [2002]).

Counsel is afforded wide latitude during summations, but when a prosecutor's remarks are so egregious such that they deprive a defendant of a fair trial, reversal is warranted (see People v Forbes, 111 AD3d 1154, 1160 [2013]). During his summation, the prosecutor remarked that defendant failed to provide an "innocent explanation" for his actions or that it was necessary for him to do so. Indeed, a recurring and substantial theme in the prosecutor's summation was defendant's inability to provide an innocent explanation for his conduct following the incident giving rise to the charges against him or for the presence of incriminating evidence at the crime scene. We agree with defendant that these comments improperly shifted the burden of proof from the People to defendant (see People v Mitchell, 129 AD3d 1319, 1321 [2015], lv denied 26 NY3d 1041 [2015]; People v Hendrie, 24 AD3d 871, 873 [2005], lv denied 6 NY3d 776 [2006]; People v Jamal, 307 AD2d 267, 268 [2003]). We also cannot say that any error as a result of these statements was harmless. The prosecutor's "innocent explanation" comments were neither isolated nor fleeting but were repeated pervasively throughout the summation.

Furthermore, while Supreme Court instructed the jury that the People maintained the burden of establishing defendant's guilt beyond a reasonable doubt (see People v Morrison, 127 AD3d 1341, 1343 [2015], lv denied 26 NY3d 932 [2015]), such instruction did not ameliorate the prejudice to defendant (see People v Calabria, 94 NY2d 519, 523 [2000]). After Supreme Court gave this instruction and during the jury's deliberation, the jury sent a note requesting that Supreme Court read back the prosecutor's summation, but only that portion of the summation "that refer[red] to innocent explanations and lack of innocent

explanations."  Even though Supreme Court declined to reread the summation and reminded the jury that summations did not constitute evidence, given the jury's focus on the "innocent explanation" remarks, under the circumstances of this case, the lack of a further instruction reminding the jury of the People's burden of proof in response to the jury's request only compounded the error of the prosecutor's comments.  Based on the foregoing, we conclude that defendant was prejudiced by the comments in the prosecutor's summation and a new trial is required (see People v Singh, 128 AD3d 860, 863-864 [2015]; People v Forbes, 111 AD3d at 1159; cf. People v Hopkins, 56 AD3d 820, 821 [2008]).

McCarthy, J.P., Egan Jr., Rose and Lynch, JJ., concur.


ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the Supreme Court for a new trial.




ENTER:

Robert D. Mayberger
Clerk of the Court