People v Atkinson (2020 NY Slip Op 04075)





People v Atkinson


2020 NY Slip Op 04075


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


665 KA 18-00858

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID K. ATKINSON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered December 21, 2017. The judgment convicted defendant upon a jury verdict of criminal sexual act in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of criminal sexual act in the first degree (Penal Law
§ 130.50 [1]), defendant contends that he was deprived of a fair trial by prosecutorial misconduct. According to defendant, the prosecutor improperly shifted the burden of proof to the defense during summation, vouched for or bolstered the testimony of prosecution witnesses, and used inflammatory statements when asking questions and during summation. Defendant objected to only one instance of alleged misconduct, thus failing to preserve his contentions with respect to the remaining instances (see People v Manigault, 145 AD3d 1428, 1430 [4th Dept 2016], lv denied 29 NY3d 950 [2017]; People v Simmons, 133 AD3d 1275, 1277 [4th Dept 2015], lv denied 27 NY3d 1006 [2016]; People v Meagher, 4 AD3d 828, 829 [4th Dept 2004], lv denied 3 NY3d 644 [2004]).
In any event, many of defendant's contentions lack merit. Although we agree with defendant that the prosecutor should not have said during summation that defendant had to "explain" a certain fact in the case or to "convince" the jury of his defense (see e.g. People v Rupnarine, 140 AD3d 1204, 1205 [3d Dept 2016]; People v Mitchell, 129 AD3d 1319, 1321 [3d Dept 2015], lv denied 26 NY3d 1041 [2015]), we conclude that those isolated improprieties were not so egregious as to deprive defendant of a fair trial, especially considering that the prosecutor and County Court repeatedly made clear to the jury that the burden of proof rested with the People and never shifted to the defense (see Mitchell, 129 AD3d at 1321; People v Matthews, 27 AD3d 1115, 1116 [4th Dept 2006]; see also People v Benton, 106 AD3d 1451, 1452 [4th Dept 2013], lv denied 21 NY3d 1040 [2013]). "[T]he jury is presumed to have followed the court's instruction" (People v Spencer, 108 AD3d 1081, 1081 [4th Dept 2013], lv denied 22 NY3d 1159 [2014]).
Defendant also failed to preserve for our review his contention that the court abused its discretion in allowing the victim to testify in rebuttal with respect to collateral matters (see People v Humphrey, 109 AD3d 1173, 1174 [4th Dept 2013], lv denied 24 NY3d 1044 [2014]; People v Comerford, 70 AD3d 1305, 1305-1306 [4th Dept 2010]) and, given the innocuous nature of the victim's rebuttal testimony, we decline to exercise our power to review the contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Humphrey, 109 AD3d at 1174).
Viewing the evidence in light of the elements of the crime as charged to the jury (see [*2]People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although defense counsel highlighted various inconsistencies in the victim's testimony, "the jury's resolution of credibility issues with respect to the victim's testimony is entitled to great deference" (People v McFarley, 77 AD3d 1282, 1282 [4th Dept 2010], lv denied 15 NY3d 954 [2010]; see People v Farrington, 171 AD3d 1538, 1541-1542 [4th Dept 2019], lv denied 34 NY3d 930 [2019]). We also note that the victim's testimony was amply corroborated by other evidence.
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court